UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
JOHN P. RAYCHEL,

        Plaintiff,

-against-

CARDWORKS SERVICING, LLC

        Defendant.
------------------------------------------------------------

Civil Action No.: CV11-5409

COMPLAINT

DEMAND FOR JURY TRIAL

WEXLER, J.

Plaintiff JOHN P. RAYCHEL ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant CARDWORKS SERVICING, LLC ("Defendant" and/or "CARDWORKS"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendants violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New Jersey, residing at 15 Cedar Hill Dr. West Creek, NJ 08092-3142.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4. Defendant CARDWORKS is a New York company engaged in business of collecting debts with its principal place of business located at 101 Crossways Park West, Woodbury, NY 11797.

5. CARDWORKS is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

7. The Court has supplemental jurisdiction over any and all state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, ADVANTA BANKING CORP., either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to CARDWORKS for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. In or about August through September 2011, Defendant placed a series of telephone calls to Plaintiff in an attempt to collect the alleged debt.

13. Defendant harassed Plaintiff by making constant and continuous telephone calls to Plaintiff.

14. On or about September 16, 2011, Plaintiff answered a telephone call from Defendant.

15. Defendant failed to give Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 U.S.C. §1692e(11).

15. Defendant further violated 15 U.S.C. §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

16. Defendant violated 15 U.S.C. §1692d-preface and (6) by failing to provide meaningful disclosure of the caller's identity to Plaintiff when the Defendants communicated with Plaintiff without identifying the purpose of the call and disclosing to Plaintiff the Defendant's identity as a debt collector calling in reference to a debt collection and that any information obtained will be used for that purpose.

17. Defendant ended the telephone call, like many of the preceding telephone calls placed to Plaintiff, by hanging up on Plaintiff without disclosing the purpose and nature of CARDWORKS' call.

18. On or about October 5, 2011, Defendants, on behalf of its agent and/or debt collector "Tim", placed a telephone call to Plaintiff.

19. Defendant advised Plaintiff that a balance was due and owing on the alleged debt of $4,834.79.

20. Defendant advised Plaintiff that the alleged debt stemmed from a credit card account with "ADVANTA".

21. Upon information and belief, "ADVANTA." is a business entity and banking institution that is no longer in business and declared chapter 11 bankruptcy in or about March 2010.

22. Plaintiff was confused as to how "ADVANTA" could be out of business and in chapter 11 bankruptcy but also attempting to collect the alleged debt from Plaintiff.

23. Defendants informed Plaintiff that Defendant was working for and collecting the alleged debt on behalf of the FDIC (Federal Deposit Insurance Corporation).

24. Defendant was deceptive, misleading and unfair in misrepresenting CARDWORKS' relationship and affiliation with the FDIC (Federal Deposit Insurance Corporation), a United States governmental entity.

25. Defendant was deceptive, misleading and unfair in misrepresenting that CARDWORKS' was working in conjunction with the FDIC (Federal Deposit Insurance Corporation), a United States governmental entity.

26. Defendant contradicted itself in stating that CARDWORKS is collecting for "ADVANTA" but later claiming Defendant worked for and on behalf of the FDIC (Federal Deposit Insurance Corporation), a United States governmental entity.

27. Defendant's actions directed toward Plaintiff were harassing, deceptive, misleading, and unfair.

28. Defendant's misrepresented its affiliation or lack thereof with the FDIC (Federal Deposit Insurance Corporation), a United States governmental entity.

29. Defendant advised Plaintiff that he has to pay "1% of the balance" without further explanation. Further, Defendant did not disclose the applicable interest rate, fees and/or other charges associated. Therefore, Plaintiff cannot discern whether the alleged debt was properly calculated.

30. Defendant failed to include the required debt validation and dispute notice in its initial communication or within five (5) days of the initial communication in violation of 15 U.S.C. §1692g.

31. Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish and emotional distress as a result of Defendant's actions.

32. Defendant violated the FDCPA.

33. Due to the Defendant's gross violations of the FDCPA, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692d-preface, (5) and (6).

   b. 15 U.S.C. §1692e-preface, (1), (2), (10) and (11).

   c. 15 U.S.C. §1692f-preface, (1) and (5).

   d. 15 U.S.C. §1692g.

36. As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JOHN P. RAYCHEL demands judgment from the Defendant CARDWORKS SERVICING, LLC as follows:

   A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

   B. For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k(a)(2)(A);

   C. For any and all attorneys' fees, filing fees, service of process fees, court costs and other costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

   D. Nominal damages;

   E. A declaration that the Defendant's practices violated the FDCPA;

F.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff JOHN P. RAYCHEL hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Dated:    October 31, 2011

Respectfully submitted,

By: _____
Allison D. Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:    (866) 479-9500
Facsimile: (866) 688-4300
Attorney for the Plaintiff JOHN P. RAYCHEL